McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
88 Pine Street – 24th Floor
New York, New York 10005
(212) 483-9490
Attorneys for Defendant,
Northwestern Mutual Life Insurance Company

By: _____
    Randi F. Knepper, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIUSEPPE GUGLIELMI, | : |
| Plaintiff, | : |
| | : Civil Action No. 06-CV-3431 |
| vs. | : |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | : |
| Defendant. | : |

CIVIL ACTION – NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, Northwestern Mutual Life Insurance Company ("Northwestern"), petition this Honorable Court for an order pursuant to 28 U.S.C. § 1441, et seq., removing to the United States District Court, Southern District of New York, a matter instituted in the Supreme Court of the State of New York, County of Bronx, bearing index number 13382/06.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, Northwestern reserve all rights to raise any and all defenses available under the Federal Rules of Civil Procedure, including, but not limited to, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, Northwestern shall rely upon the following:

1. On or around March 28, 2006, a verified complaint was filed in the Supreme Court of the State of New York, County of Bronx. Annexed hereto as Exhibit "A" are copies of the summons and verified complaint, together with correspondence issued by the State of New York, Insurance Department, dated April 3, 2006, which constitutes all process, pleadings and/or orders served upon and first received by Northwestern to date within the meaning and intent of 28 U.S.C. § 1446(b).

2. Northwestern was first served with the summons and verified complaint on April 7, 2006, when it first received correspondence dated April 3, 2006, from the State of New York, Insurance Department, enclosing the summons and verified complaint. On April 7, 2006, Northwestern first had notice of the institution of suit and of the basis for the removal of this civil action upon its first receipt of the documents annexed hereto as Exhibit "A". Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of the service of the summons and complaint upon Northwestern.

3. The Court's review of the complaint will reveal that plaintiff, Giuseppe Guglielmi ("Guglielmi") alleges that he was covered under a policy of group long term disability insurance issued by Northwestern, which provides a benefit of $6,000 per month in

the event of total disability (Verified Complaint, ¶ 5). Guglielmi alleges that he became partially disabled on or about July 1, 2002 and totally disabled on or about July 1, 2003 (Verified Complaint, ¶¶ 6 and 7). Guglielmi alleges that he was, "entitled to receive from the defendant under the said policy, the sum of $6,000 per month for the period of plaintiff's disability commencing July 1, 2003" (Verified Complaint, ¶ 7). Guglielmi seeks a "judgment by this court declaring that the defendant is and was required to pay disability benefits under their policy of insurance" (Verified Complaint, ¶ 13).

4.  The policy of group long term disability insurance referenced in the complaint was issued by Northwestern to Firstar Trust Company, Trustee of the Northwestern Mutual Life Insurance Trust. The policy provides insurance to participating employees of multiple employers, including Regent Street Restaurant d/b/a Hostaria Mazzei ("Regent Street"). Guglielmi was a participating employee while he was purportedly employed by Regent Street.

5.  The policy of group long term disability insurance funds, in whole or in part, an employee welfare benefit plan established and maintained by Guglielmi's employer, Regent Street, within the meaning and intent of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. The gravamen of the verified complaint relates to and concerns Guglielmi's claim for benefits under an employee welfare benefit plan within the meaning and intent of ERISA. As such, this action is governed exclusively by ERISA.

6.  Given the applicability of ERISA, pursuant to 29 U.S.C. § 1132(e), the United States District Courts are provided with subject matter jurisdiction over all matters for, inter alia, benefits provided under employee welfare benefit plans, including the plan made the subject of the action instituted by Guglielmi. Furthermore, pursuant to 29 U.S.C. § 1144, the terms and

provisions of ERISA totally preempt all state causes of action, including causes of action for breach of contract and otherwise. Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and (b). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7. In addition, by way of the complaint, Guglielmi alleges, "there is due and owing to the plaintiff from the defendant the sum of $180,000 for the period of July 1st, 2003, to the present date, and the further sum of $6,000 per month as long as such disability continues" (Verified Complaint, ¶ 16). "[P]laintiff demands judgment against the defendant in the sum of One Hundred Eighty Thousand ($180,000) Dollars" (Verified Complaint, ¶ 17).

8. At the time of the filing of the complaint and the within removal petition, the amount in controversy between the parties exceeds the sum of $75,000, exclusive of interest and costs of suit. As such, the jurisdictional monetary prerequisite of 28 U.S.C. § 1332(a) has been met.

9. The complaint alleges that Guglielmi was and still is a resident of Bronx County, City in the State of New York, and as such, he is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

10. Northwestern is a corporation of and maintains its principal place of business in the State of Wisconsin, and is a citizen of the State of Wisconsin within the meaning and intent of 28 U.S.C. § 1332.

11. There was complete diversity of citizenship between Guglielmi and Northwestern at the time of the filing of the complaint and the within removal petition. As such, this Court also maintains jurisdiction over this matter pursuant to and in accordance with 28 U.S.C. § 1332. Removal is therefore appropriate pursuant to both 28 U.S.C. § 1441(a) and (b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
>Attorneys for Defendant,
>Northwestern Mutual Life Insurance Company
>
>By:_____
>      Randi F. Knepper, Esq.

Dated: April 27, 2006

# *EXHIBIT A*

APR-11-2006 13:58        EB - LAW DEPT.                971 321 6407    P.02/12

STATE OF NEW YORK
INSURANCE DEPARTMENT
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of Bronx

......................................................................................................

Giuseppe Guglielmi                                                            13382/06

against                        Plaintiff(s)
Northwestern Mutual Life Insurance Company

Defendant(s)

......................................................................................................

RE: Northwestern Mutual Life Insurance Company

Attorney for Plaintiff(s) and Defendant please take notice as follows:

Sirs :
Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of Summons and Verified Complaint in the above entitled action on March 31, 2006 at New York, New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s) :

   Hankin, Handwerker & Mazel, PLLC
   7 Penn Plaza
   Suite 904
   New York, New York 10001

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant :

   Robert J. Berdan, Vice President and General Counsel
   Northwestern Mutual Life Insurance Company
   720 East Wisconsin Avenue
   Milwaukee, Wisconsin 53202

*[signature]*

by Salvatore Castiglione
Assistant Deputy Superintendent & Chief

Dated Albany, New York, April 03, 2006
393824        C.A.#174700

RECEIVED APR -? 2006 R.J.B.

04/11/2006 TUE 16:26 [TX/RX NO 6071] ☒002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
GIUSEPPE GUGLIELMI,

                      Plaintiff(s),

        -against-

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY,

                      Defendant(s)
----------------------------------------X

Index No.: 13382-2006

Plaintiff designates
**BRONX** County as the place of trial.

Plaintiff's Address:
2223 Bouck Avenue
Bronx, New York 10469

The basis of venue is:
Plaintiff's Address

    YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of the answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within thirty days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       March 2, 2006

Yours, etc.,
HANKIN, HANDWERKER & MAZEL, P.L.L.C.
Attorneys for Plaintiff
BY: _____
MARK L. HANKIN, ESQ.
7 PENN PLAZA, SUITE 904
New York, New York 10001
(212) 349-1668

**DEFENDANT[S] ADDRESS[ES]:**

720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------X
GIUSEPPE GUGLIELMI,

                Plaintiff(s),

-against-

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY,

                Defendant(s)
-----------------------------------------X

Index No.: 13382/06
MAR 28 2006

Plaintiff designates
**BRONX** County as the place of trial.

Plaintiff's Address:
2223 Bouck Avenue
Bronx, New York 10469

The basis of venue is:
Plaintiff's Address

    YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of the answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within thirty days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
        March 2, 2006

                        Yours, etc.,
                        HANKIN, HANDWERKER & MAZEL, P.L.L.C.
                        Attorneys for Plaintiff
                        BY: _____
                        MARK L. HANKIN, ESQ.
                        7 PENN PLAZA, SUITE 904
                        New York, New York 10001
                        (212) 349-1668

<u>DEFENDANT[S] ADDRESS[ES]:</u>

<u>720 East Wisconsin Avenue</u>
<u>Milwaukee, Wisconsin 53202</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
GIUSEPPE GUGLIELMI,

            Plaintiff,                           VERIFIED
                                               COMPLAINT

    -against-

NORTHWESTERN MUTUAL LIFE INSURANCE      INDEX NO. 13382/06
COMPANY,

            Defendant.                        MAR 28 2006
----------------------------------------X

        Plaintiff, GIUSEPPE GUGLIELMI, by his attorneys, HANKIN, HANDWERKER & MAZEL, PLLC., as and for his Verified Complaint, alleges as follows:

    1.    At all the times hereinafter mentioned, plaintiff, GIUSEPPE GUGLIELMI (GUGLIELMI) was and still is a resident of Bronx County, City and State of New York.

    2.    That at all times hereinafter mentioned, the defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY (NORTHWESTERN) was and is a corporation duly organized under and by virtue of the laws of the State of Wisconsin, with its place of business located at 720 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

    3.    That at all times hereinafter mentioned, defendant NORTHWESTERN was and is a foreign corporation, duly licensed to conduct business as an insurance company in the State of New York.

APR-11-2006  13:59       EB - LAW DEPT.                        971 321 6407    P.06/12

4. At all times hereinafter mentioned, the defendant NORTHWESTERN was and is engaged in the insurance business, providing life insurance and disability insurance, for accidents and/or sickness resulting to its insureds.

5. That on March 27, 2002, in consideration for the payment by plaintiff to the defendant of the premiums called for thereby, NORTHWESTERN made, executed and delivered to plaintiff its policy of group long term disability insurance, (the "policy") in and by which it insured plaintiff against loss of time and earnings on account of sickness, illness or disease for total or partial disability; and based thereon agreed to pay plaintiff after a ninety (90) day waiting period, the sum of $6,000.00 per month in the event of total disability.

6. Thereafter on or about July 1st, 2002, and, while the said policy of insurance was in full force and effect, plaintiff became ill, resulting in the plaintiff's partial disability to the extent that he was partially unable to perform any of the duties pertaining to his occupation.

7. Thereafter on or about July 1st, 2003, and, while the said policy of insurance was in full force and effect, plaintiff's illness worsened, resulting in the plaintiff's total disability to the extent that he was totally unable to perform any of the duties pertaining to her occupation and that as a consequence thereof, plaintiff became entitled to receive from the defendant under the said policy, the sum of $6,000.00 per month for the period of plaintiff's disability commencing July 1, 2003.

04/11/2006 TUE 16:26 [TX/RX NO 6071] @006

8. That on or about December, 2004, the plaintiff was determined to be totally disabled based upon his illness and inability to work by the Social Security Administration as same is defined under Federal Law.

9. That on or about the July 1st, 2003 plaintiff caused written notice of the said disability to be given to the defendant and furnished to the defendant proof of such disability, as required by the said policy of insurance.

10. Plaintiff has duly performed all of the conditions of such policy of insurance on his part to be performed.

11. That on or about October 2, 2003, defendant NORTHWESTERN denied plaintiff's claim for disability benefits.

12. That a justiciable controversy exist between parties relative to the rights and obligations of the defendant to pay disability benefits under the policy of insurance.

13. That as a direct result of the above, plaintiff requires judgment by this Court declaring that the defendant is and was required to pay disability benefits under their policy of insurance.

14. That plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "14" as though fully set forth at length herein.

16. That as a direct result of the breach of the aforesaid insurance policy, there is due and owing to the plaintiff from the defendant the sum of $180,000.00 for the period of July 1st, 2003 to the present date, and the further sum of $6,000.00 per month as long as such disability continues. No part of said sum of $180,000.00 has been paid, although payment thereof has been duly demanded.

17. That based upon the foregoing, plaintiff demands judgment against the defendant in the sum of One Hundred Eighty Thousand ($180,000.00) Dollars representing arrears in disability payments and judgment directing the defendant to pay benefits on a monthly basis for the duration of plaintiff's disability under the policy of insurance.

18. That plaintiff has no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each and every allegations contained in paragraphs "1" through "18" as though fully set forth at length herein.

. That defendant sells Group Term Disability Policies that are same or similar to the policy herein to employers located in the State of New York for the benefit of their employees.

21. That defendant represents that for a premium paid they will pay benefits to the public for accidents and/or disabilities sustained by employees while covered under the policy of insurance.

22. That defendants have shown a pattern and practice of denying claims for Long Term Disability to employees for illnesses which lead to total disability even though by their policy such illnesses are <u>not</u> excluded under their policies.

23. That as a direct result of this deceptive practice, the plaintiff and consumers in general, sustain damages in failing to provide needed income during their period of disability.

24. That as a direct result of the above, plaintiff demands statutory damages under General Business Law §349 plus reasonable counsel fees and the costs and disbursements of this action.

**WHEREFORE**, plaintiff GIUSEPPE GUGLIELMI, demands judgment against the defendant, as follows:

(a) On his First Cause of Action for a judgment declaring that the defendant is required to pay the plaintiff disability benefits in accordance with their Group Term Disability Policy from the date of total disability to the date said disability terminates;

(b) On his Second Cause of Action for a money judgment in the sum of One Hundred Eighty Thousand ($180,000.00) Dollars representing arrears in the payment of disability income under the policy of insurance and a judgment declaring that the defendant must pay monthly benefits to the plaintiff until the termination of his disability;

(c) On his Third Cause of Action for statutory damages under GBL §349 plus reasonable counsel fees and the costs and disbursements of this action; and

(d) Plus the costs and disbursements of this action.

Yours, etc.,

Hankin, Handwerker & Mazel, PLLC
Attorney for Plaintiff

By: _____
    Mark L. Hankin
Office & P.O. Address
7 Penn Plaza, Suite 904
New York, New York 10001
(212) 349-1668
File No. 17832

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK, COUNTY OF BRONX ss:

GUISSEPPI GUGLIELMI, being duly sworn, says:

I am a Plaintiff in the action herein: I have read the annexed

**COMPLAINT**

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files

_____
GIUSEPPE GUGLIELMI

Subscribed and sworn to before me
this __20__ day of March, 2006

_____
MONIQUE ROBINSON
NOTARY PUBLIC
NOTARY PUBLIC, State of New York
No. 01RO6087818
Qualified in Bronx County
Commission Expires Feb. 18, 2007

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

GIUSEPPE GUGLIELMI,

                Plaintiff,

-against-

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

                Defendant.

---

### SUMMONS AND VERIFIED COMPLAINT

---

### HANKIN, HANDWERKER & MAZEL, PLLC
*Attorneys for Plaintiff*
7 Penn Plaza, Suite 904
New York, NY 10001
(212)349-1668

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contention contained in the annexed document are not frivolous.

Dated: New York, New York
      03/16/06

_____
Mark L. Hankin, Esq.